**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RIGOBERTO CRUZ-AZPETIA, AKA Rigoberto Azpetia-Cruz, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  15-71162 <br><br> Agency No. A200-199-152 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Rigoberto Cruz-Azpetia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. §1252.  We review de novo constitutional

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Cruz-Azpetia failed to show the requisite exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Cruz-Azpetia's contentions that the BIA violated due process or erred by allegedly failing to properly apply the correct legal standard in its hardship analysis, neglecting relevant precedent, or ignoring arguments are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (BIA need not "write an exegesis on every contention" (citation and quotation marks omitted)); *Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (concluding that the BIA applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

In light of this disposition, we do not reach Cruz-Azpetia's remaining contentions regarding good moral character. *See* 8 U.S.C. § 1229b(b)(1);

*Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the court need not reach a contention when another dispositive determination has been made).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**